UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) Magistrate Judge Case No. |
| EVANS ETRONS STROMAN, | ) MJ05-m-225 JLA |
| Defendant. | ) |

### AFFIDAVIT

I, Susan Williams, Deputy United States Marshall, do hereby make oath before Joyce London Alexander, United States Magistrate Judge for the District of Massachusetts, that in my official capacity I was advised of the existence of a warrant for the arrest of EVANS ETRONS STROMAN. Said warrant was issued on June 10, 2004 in the District of Maine for violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). I do hereby make oath that on April 14, 2005 I executed said warrant by arresting EVANS ETRONS STROMAN in the District of Massachusetts and that the above-referenced complaint remains outstanding in the District of Maine.

_____
SUSAN WILLIAMS
Deputy United States Marshall

Subscribed and sworn to before me this 14th day of April, 2005.

_____
JOYCE LONDON ALEXANDER
U.S. Magistrate Judge
District of Massachusetts

AO 442 (Rev. 5/93) Warrant for Arrest

# United States District Court

DISTRICT OF MAINE

UNITED STATES OF AMERICA

V.

EVANS ETRONS STROMAN

**WARRANT FOR ARREST**

CASE NUMBER: 04-m-66-C

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest  Evans Etrons Stroman
                                              Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment  ☐ Information  ☒ Complaint  ☐ Order of court  ☐ Violation Notice  ☐ Probation Violation Petition

charging him or her with (brief description of offense)
possession of a firearm by a convicted felon

in violation of Title __18__ United States Code, Section(s) __922(g)(1) and 924(a)(2)__

David M Cohen                                    Magistrate Judge
Name of Issuing Officer                          Title of Issuing Officer

David M Cohen                                    June 10, 2004 at Portland, Maine
Signature of Issuing Officer                     Date and Location

Bail fixed at $ _____ by _____
                                              Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

This form was electronically produced by Elite Federal Forms, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

UNITED STATES OF AMERICA )
) Mag.No. 04-
v. )
) (18 U.S.C. §§ 922(g)(1) and 924(a)(2))
EVANS ETRONS STROMAN, )
) Filed Under Seal
Defendant. )

## CRIMINAL COMPLAINT AND AFFIDAVIT

STATE OF MAINE )
COUNTY OF CUMBERLAND ) ss.:
DISTRICT OF MAINE )

I, Trevor R. Campbell, being duly sworn, state the following under oath:

1. I have been a Patrolman with the Lewiston Police Department for about 9 years, and I am currently assigned to the Central Maine Violent Crime Task Force ("CMVCTF"). My current duties include the investigation of violent crimes involving firearms and of possession of firearms by prohibited persons. I have participated in several investigations relating to the possession of firearms by prohibited persons. Prior to my employment with the CMVCTF and the Lewiston Police Department, I was employed by the Androscoggin Sheriff's Office for five years. Prior to that, I spent four years with the U.S. Air Force military police. I have received both formal and informal training instruction from experts in the field of possession of firearms by prohibited persons. I submit this affidavit based upon information known to me personally from this investigation, as well as information obtained from others who have investigated this matter and/or have personal knowledge of the facts herein. Based upon my investigation, the following is true and correct to the best of my knowledge and belief:

## COUNT ONE
### Possession of a Firearm by a Prohibited Person

On July 15, 2003, in the District of Maine,

**EVANS ETRONS STROMAN,**

the defendant, having been convicted of the following State of Massachusetts crimes punishable by imprisonment for a term exceeding one year:

> Possessing a Firearm Without A License, in violation of Chapter 269, Section 10(a), on about June 21, 2002, in Docket No. 0233CR002225A (New Bedford Dist. Court., New Bedford, MA);

knowingly possessed in and affecting commerce a firearm, specifically:

> A Stallard Arms, Model JS, 9mm cal. pistol, bearing serial number 065563.

Thus, the defendant violated Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

2. This investigation is being conducted by the CMVCTF, the Bureau of Alcohol, Tobacco, Firearms and Explosives, and the Lewiston, Maine Police Department. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support an arrest warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation.

3. I have reviewed true copies of the criminal complaint and docket for the case, <u>Massachusetts v. Evans Etrons Stroman</u>, for offenses committed on about April 10, 2002. According to those records, the defendant Evans Etrons Stroman, was convicted of the following State of Massachusetts crimes punishable by imprisonment for a term exceeding one year:

> Possessing a Firearm Without A License, in violation of Chapter 269, Section 10(a), on about June 21, 2002, in Docket No. 0233CR002225A (New Bedford Dist. Court., New Bedford, MA) (maximum penalty: state

prison not less that 2 ½ years, not more than 5 years; or jail or house of correction not less than 1 year, not more than 2 ½ years).

4. I have reviewed an incident report dated July 15, 2003, prepared by Lieutenant Donald R. Mailhot, of the Lewiston Police Department, that reflects the following, in substance and in part:

   a. He was in the vicinity of 66 Knox Street, in Lewiston, Maine, investigating a complaint that two males were threatening to kick in an apartment door and where police had located an individual for whom an arrest warrant had been issued for carrying a concealed weapon. He pulled his police vehicle about 25 feet behind a blue Subaru Legacy. As he started walking toward the vehicle, a black male wearing an insulated heavy mid length leather jacket, with a red bandanna on his head and a ball cap covering the red bandanna, and later identified as the defendant, Evans Etrons Stroman, got out of the rear door of the vehicle and started walking away from it.

   b. Lt. Mailhot ordered the defendant to stop, and instructed defendant to turn around and not move, and to place his hands on his head so that he could be patted down for Lt. Mailhot's safety. The defendant turned but refused to place his hands on his head. From behind, Lt. Mailhot grabbed defendant's forearms, and placed defendant's hands on his head, getting ready to secure defendant for a pat down. The defendant pulled his hands away, and started to run, peeling out of his large leather jacket. Knowing that he would not be able to catch the defendant, Lt. Mailhot radioed in that the defendant, who he described as a black male wearing a red bandana, had fled.

5. I have reviewed an incident report dated July 15, 2003, prepared by Officer Joel Gagne, of the Lewiston Police Department, that reflects the following, in substance and in part:

   a. While patrolling the area of Spruce Street and Knox Street, he overheard radio

3

traffic that Lt. Mailhot had a black male running from him. He heard that the fleeing male was running on Knox Street towards Birch Street. Officer Gagne drove toward that location. Seconds later, he saw a black male running westbound on Knox Street, toward Birch Street. He saw the black male run in between two buildings near 54 Knox Street.

      b. He went to 54 Knox Street and began searching the hallways at 54 Knox Street. He found the black male hiding on the top floor hallway lying down on the floor on top of a black velvet sweatshirt. The black male was identified as the defendant, **Evans Etrons Stroman**. The defendant had a knife concealed in his pocket. A search of the velvet sweatshirt revealed a plastic baggie containing about 12 smaller baggies containing a yellow powder substance, that based upon his training and experience, appeared to Officer Gagne to be crack cocaine.

    6. I have reviewed an incident report dated July 15, 2003, prepared by Officer David Levesque, of the Lewiston Police Department, that reflects the following, in substance and in part:

      a. He was in the vicinity of 287 Bates Street, Lewiston, Maine to assist other officers responding to a complaint of a group of individuals trying to knock down a door. He overheard Lt. Mailhot report on his radio that a black male was running from him down Knox Street. Officer Levesque ran down the back side of 287 Bates Street and pursued the black male with Officer Gagne through the backyards by 56 Knox Street. He went with Officer Gagne into 54 Knox Street and began to search each floor. When he got to the top of the fourth floor, he saw the black male lying face down on the floor. The black male was identified as the defendant, **Evans Etrons Stroman**. The defendant had a knife concealed in his pocket. A search of defendant's velvet sweatshirt revealed what appeared to be a quantity of crack cocaine. Defendant was arrested and transported to the police station.

4

b. Based upon reports that the defendant was known to carry a .25 caliber pistol, Officer Levesque returned to the fourth floor at 54 Knox Street to make sure that defendant did not hide a gun there. While on the fourth floor in the vicinity where defendant had been arrested, he looked up and saw that a suspended ceiling tile was moved and stuck up to the side. He then saw a blue handkerchief sticking out of the ceiling tile. He searched the area adjacent to the ceiling tile and found that the blue handkerchief was wrapped around a loaded black Stallard Arms, Model JS, 9mm cal. pistol, bearing serial number 065563.

c. The pistol was taken to the Lewiston Police Station were it was unloaded. Upon unloading the pistol and clearing the chamber, Officer Levesque found one 9mm round in the chamber that was a solid point. The round after that was a hollowpoint 9mm round. The clip had a ten round capacity.

7. On December 19, 2003, a Deputy United States Marshal (DUSM) and I went to the Androscoggin County Jail and met with defendant, **Evans Etrons Stroman**, who was then serving a state prison sentence on the drug conviction that arose out of his arrest on July 15, 2003. I read Miranda warnings to the defendant from a form and he verbally affirmed that he understood what was being read to him. Once the form had been read in its entirety, the defendant signed the Miranda warning form and agreed to answer questions. I told him that I sent the gun seized on July 15, 2003 to the crime laboratory for fingerprinting, that I had the results, and then I asked him if there was any reason, whatsoever, that his fingerprint should be on the firearm. The defendant stated that there is no way that his fingerprint should be on the firearm. I told him that this would be a great situation to preserve some integrity and tell me his version of the incident as it occurred. He stated that he had no involvement with

5

a firearm and would be quite surprised if his fingerprint was found on the firearm. Before leaving, I gave him a business card and asked him to call me if he changed his mind.

8. On December 22, 2003, I received a phone call from the Androscoggin County Jail, advising me that the defendant wanted to speak with me immediately. A DUSM and I went to the Androscoggin County Jail and spoke with the defendant once again. The defendant stated that he wanted to come clean on the incident and he did not do so on December 19, 2003 because he was scared and felt as though he would not get out of jail on his upcoming release date. The defendant then told me the following, in substance and in part:

    a. He was a passenger in a vehicle which was then being operated on the Maine Turnpike on the night of the incident [July 15, 2003]. He remembers the driver making a phone call to his girlfriend in Lewiston. The phone call got quite heated when the driver found out that his girlfriend was out with another male and the driver's child was with them. After the phone call was completed, the driver pulled out a pistol. Later, the driver handed the gun to another individual who was sitting in the front passenger seat. The driver drove to his girlfriend's apartment in Lewiston. Before the other male got out of the the vehicle, the other male handed the defendant the pistol which was wrapped in a bandana. The defendant waited in the vehicle with a female while the driver and the other male went to the girlfriend's apartment. The defendant took the pistol and tucked it into his waistband for concealment. He then fell asleep.

    b. He was awakened when the police arrived. As soon as the defendant realized that the police were in the vicinity, he got out of the vehicle. He was then approached by a police officer who conducted a pat down search. The defendant became nervous and decided to flee. Two officers

6

gave chase. The defendant ran into an apartment building on Knox Street and ran up the stairs to the fourth floor. He stepped on the railing on the fourth floor to a point to where he could push aside a ceiling tile. He then placed the pistol, still wrapped in the bandana, in the ceiling. He stated that he was found by the police officers shortly thereafter.

9. I have reviewed an Interstate Nexus Statement of ATF Special Agent Brent McSweyn dated February 5, 2004, in which he relies on ATF interstate nexus training and research of literature provided by ATF and the public domain. According to the report, the pistol was not manufactured in the State of Maine; therefore, by its subsequent presence in the State of Maine, the firearm must have traveled in interstate or foreign commerce.

10. I respectfully request that this Complaint be maintained under seal until the arrest of the defendant or this Court or another Court of competent jurisdiction orders otherwise

WHEREFORE, deponent prays that a warrant issue for the arrest of the above-named defendant so that he may be arrested and detained or bailed as the case may be.

*[signature]*
Trevor R. Campbell
Special Agent
CMVCTF

Sworn to before me, and
subscribed in my presence
this 10th day of June, 2004

*[signature]*
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF MAINE

A TRUE COPY
ATTEST: William S. Brownell, Clerk
By *[signature]*
Deputy Clerk

6/10/04
This document shall be sealed until the named defendant is arrested or the court otherwise so orders.
David M. Cohen
USMJ